**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

CHRISTOPHER J. COLE                           5781-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
ccole@marrjones.com

DAVID S. SHANKMAN (Pro Hac Vice) (FL Bar No. 0940186)
Shankman Leone, P.A.
707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Tel. No. (813) 223-1099
Fax No. (813) 223-1055
DShankman@shankmanleone.com

Attorneys for Defendant
AUDIO VISUAL SERVICES, GROUP,
LLC DBA PSAV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>           Plaintiff,<br><br>    vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV; RUSSELL HOAG; and DOE DEFENDANTS 1-25,<br><br>           Defendants. | CIVIL NO. _____<br><br>DEFENDANTS AUDIO VISUAL SERVICES GROUP, LLC AND RUSSELL HOAG'S NOTICE OF REMOVAL; EXHIBITS 1-2; DECLARATION OF DEBORAH KLEIN IN SUPPORT OF DEFENDANTS VISUAL SERVICES GROUP, LLC AND RUSSEL HOAG'S NOTICE OF REMOVAL; EXHIBIT 1 |

**DEFENDANTS AUDIO VISUAL SERVICES
GROUP, LLC AND RUSSELL HOAG'S NOTICE OF REMOVAL**

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII, PLAINTIFF NATALIE WILSON, AND HER ATTORNEYS OF RECORD

Defendants Audio Visual Services Group, LLC, d/b/a PSAV ("PSAV") and Russell Hoag ("Hoag") (collectively "Defendants"), by and through their undersigned attorney and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Fed. R. Civ. P. Rule 81(c), hereby notice the removal of *Natalie Wilson v. Audio Visual Services Group, LLC, Russell Hoag, and Doe Defendants 1-25*, Case No. 1CCV-20-0001485, from the Circuit Court of the First Circuit for the State of Hawaii ("State Court"). The procedural requirements for removal have been satisfied, and removal is based on the following facts:

**I.  Procedural History.**

1. On November 2, 2020, Plaintiff Natalie Wilson ("Plaintiff") filed this action against Defendants Audio Visual Services Group, LLC d/b/a PSAV, Russell Hoag, and Doe Defendants 1-25 in State Court. *See Wilson v. Audio Visual Serv. Grp., LLC, et al.*, Civ. No. 20-00531 JMS-RT, at ECF Dkt. 1-4 (electronic docket in previously removed case in this Court, hereinafter abbreviated as "[D. n]").

2. In her Complaint, Plaintiff asserts claims against her former employer, PSAV, for gender and sexual orientation discrimination under H.R.S. § 378-2(1), retaliation under H.R.S. § 378-2(2), and slander and libel. [D. 1-4].

3. Plaintiff's claim against her former co-worker, Hoag, was limited to a claim for slander and libel. [D. 1-4].

4. PSAV removed the action to this Court on December 3, 2020, arguing that Hoag was a sham defendant.[1] [D. 1].

5. Plaintiff filed her Motion to Remand on February 2, 2021, which this Court granted on June 15, 2021, ruling that "PSAV did not meet its burden to establish that Plaintiff fraudulently joined Defendant Hoag to defeat diversity jurisdiction in this case." [D. 36, 38]. This Court explained that "PSAV failed to prove by clear and convincing evidence that there is no possibility that Plaintiff can state a cause of action [for libel and slander] against Defendant Hoag." [D. 36].

6. On August 26, 2021, Defendants filed their Motion to Dismiss Count III of Plaintiff's Complaint and to Dismiss Hoag ("Motion to Dismiss") in State Court. *See* **Exhibit 1** to this Notice of Removal.

7. State Court Judge John M. Tonaki heard the Motion to Dismiss on September 16, 2021.

8. During the hearing, Judge Tonaki ruled that Plaintiff could not demonstrate any set of facts that would entitle her to relief on her slander and libel claim and informed the parties that he would thus grant the Motion to Dismiss Count III.

---

[1] Hoag had not been served at the time of removal; thus, Hoag did not need to consent to removal. [*See* D. 1, p. 15].

3

9. Despite that Count III was the sole claim against Hoag, Judge Tonaki declined to dismiss Hoag as a party due to factual allegations against him in the Complaint, explaining that Plaintiff could seek leave to amend the Complaint to assert other claims against Hoag.

10. The State Court issued its Order Granting the Motion to Dismiss on October 14, 2021 dismissing Count III on the basis that "Plaintiff Natalie Wilson cannot demonstrate any set of facts that would entitle her to relief." *See* **Exhibit 2** to this Notice of Removal.

11. Despite having nearly one year to move to amend Plaintiff's Complaint to assert any other claims that Plaintiff may have against Hoag, Plaintiff did not do so.

12. Thus, to avoid waiving their right of removal, Defendants are filing this notice on the one-year deadline for removal, *i.e.*, November 2, 2021. 28 U.S.C. § 1446(c)(1).

13. Defendants are also filing this notice within 30 days of the State Court's Order that provided notice that the case was removable. 28 U.S.C. § 1446(b)(3).

**II.   The Parties.**

14. Plaintiff alleges that, at all times material, she resided in the City and County of Honolulu, Hawaii and that she currently resides in Hilo, Hawaii. [D. 1-

4]. Defendants are therefore informed and believe that Plaintiff is a citizen and resident of the State of Hawaii.

15. For diversity jurisdiction purposes, a limited liability company is considered a citizen of the state of each of its members. *See Carden v. Arkoma Ass'n*, 494 U.S. 185, 189-90, 197 (1990). PSAV is a Delaware limited liability company and its principal place of business is in Illinois. (Klein Dec. ¶¶ 3). PSAV's sole member is AVSC Intellectual Property Management, LLC, which is a Delaware limited liability company whose sole member is PSAV (NY) LLC. (Klein Dec. ¶ 3, 4). PSAV (NY) LLC is a Delaware limited liability company whose sole member is Audio Visual Services LLC. (Klein Dec. ¶ 5). Audio Video Services LLC is a Delaware limited liability company whose sole member is AVSC Holding Corporation. (Klein Dec. ¶ 6). AVSC Holding Corporation is a Delaware corporation with its principal place of business in Illinois. (Klein Dec. ¶ 6, 7). As a result, Defendant is a citizen of Delaware and Illinois for diversity purposes. Thus, PSAV is completely diverse from Plaintiff. *See* 28 U.S.C. § 1332(a)(1) (diversity of citizenship exists for jurisdictional purposes where the action "is between . . . citizens of different states").

16. Plaintiff states in her Complaint that Defendant Russell Hoag is and was a resident of the City and County of Honolulu, Hawaii. [D. 1-4].

### III.     Hoag is a Sham Defendant Fraudulently Joined in this Action.

17.     It is apparent from Plaintiff including a baseless claim against Hoag, and by failing to amend to add any valid claim against him, that Plaintiff joined Hoag to avoid this Court's diversity jurisdiction.  Hoag is a sham defendant, fraudulently joined in this litigation and, thus, removal is appropriate at this time.  *See Adon Construction, Inc. v. Renesola America, Inc.*, No. CV 16-00568 DKW-RLP, 2017 WL 879279, at *5 (D. Haw. Mar. 6, 2017) (stating, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined;'" as such, the presence of a defendant who has been fraudulently joined will not defeat diversity jurisdiction) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

18.     Where, as here, it is clear there is no claim against a resident defendant who otherwise destroys diversity, the case is removable to federal court.[2]  *See Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *7 (E.D. Cal. June 18, 2013) (stating a district court may ignore the presence of a fraudulently joined, or sham, defendant for the purpose of establishing diversity); *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016); *Robles v. Infinity Funding*, Case No. CV 11-585-TUC-FRZ

---

[2] Plaintiff also purports to name unidentified "Doe" defendants in her Complaint. However, 28 U.S.C. § 1441(b)(1) makes clear that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a case may be removed on the basis of diversity jurisdiction.

2011 WL 13228264 (D. Ariz. Dec. 20, 2011) 12 (ruling defendant was fraudulently joined where none of the counts were asserted against the non-diverse defendant).

19. When this Court granted Plaintiff's prior motion to remand as indicated in paragraph 5, above, it concluded that Defendants failed to demonstrate that Count III for defamation could not possibly state a claim against Hoag under Hawaii law. Now that the state court has held the claim not colorable under "any set of facts," **Exhibit 2**, p. 3, removal is now appropriate based on the face of the Complaint.

20. Accordingly, Hoag must be dismissed as a sham defendant. *Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009) ("a fraudulent joinder finding compels dismissal of the 'sham defendants'").

## IV. The Matter in Controversy Exceeds $75,000.00.

21. Although Plaintiff does not demand a specific amount of monetary damages in her Complaint, the amount in controversy between Plaintiff and Defendants exceeds $75,000.

22. Courts consider the following when determining whether it is more likely than not that the amount in controversy exceeds $75,000: (a) the allegations in the complaint, facts in the removal petition, and any summary judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c)

7

emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law; and (e) attorneys' fees, if they are authorized by statute. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Where a plaintiff does not specify the amount of damages sought, the district court applies "a preponderance of the evidence standard" and estimates whether a plaintiff's "allegations [meet] the requisite $75,000 amount-in-controversy threshold." *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005)).

23. Here, Plaintiff seeks the following separate categories of monetary damages: (1) lost income; (2) lost wage earning capacity; (3) compensatory damages for emotional distress, mental anguish, pain, fear, and humiliation; (4) damage to her reputation; (5) general damages; (6) special damages; (7) punitive damages; and (8) attorney's fees and costs. [*See* D. 1-4 ¶¶ 68, 74, 79, 81, and Prayer for Relief]. Whether taken separately or combined, the damages Plaintiff seeks clearly exceed the $75,000 threshold as detailed below.

    **A.  Lost Wages**

24. When evaluating the amount in controversy, the court may consider both past and future lost wages. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). As of her September 16, 2019 termination, Plaintiff's annual salary was $88,425.00. (Declaration of D. Klein, ¶ 7). Thus, Plaintiff's potential back pay as

of the date of this Notice of Removal is $180,250.96. Conservatively estimating a trial date 18 months from now, Plaintiff's back pay damages from now through trial would be an additional $132,637.50. Assuming a two-year award of Plaintiff's front pay damages, the total amount would increase by $176,850.00. Thus, Plaintiff's lost wages alone far exceed the $75,000 threshold.

### B.     Emotional Distress

25.    Courts also consider emotional distress damages when determining the jurisdictional amount for removal. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (holding evidence of emotional distress awards in similar cases properly considered in determining amount in controversy in an age discrimination in employment case). This Court has held that emotional distress damages in employment discrimination cases can be at least $25,000. *DeAguiar v. Whole Foods Mkt., Inc.*, No. CIV. 12-00100 SOM, 2012 WL 5038330, at *4 (D. Haw. Oct. 16, 2012). The Ninth Circuit has affirmed awards for emotional distress damages of even greater values. *See e.g., Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 878 (9th Cir. 2007) (affirming award of $125,000 for emotional distress in a gender discrimination case); *Swinton v. Potomac Corp.*, 270 F.3d 794, 801 (9th Cir. 2001) (finding an award of $30,000 for emotional distress damages reasonable in race discrimination case). Thus, Plaintiff's compensatory damages are potentially $25,000 to $125,000.

### C. Punitive Damages and Attorney's Fees

26. Both punitive damages and attorney's fees are recoverable in actions brought under H.R.S. § 378-2. *See* H.R.S. § 378-5(c) (providing the plaintiff may recover costs and reasonable attorney's fees)); *Furukawa v. Honolulu Zoological Soc.*, 85 Haw. 7, 19, 936 P.2d 643, 655 (1997) ("punitive damages are generally available in employment discrimination cases" brought under § 378-2). Likewise, both punitive damages and attorney's fees can be considered in determining the amount in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020) (holding courts should consider potential punitive damages); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding attorney's fees must be considered).

27. Awards of punitive damages in comparable cases can exceed $75,000. *See, e.g., Swinton*, 270 F.3d at 801 (upholding punitive damages award of $1,000,000 in a race discrimination case); *Lansdale v. Hi-Health Supermart Corp.*, 314 F.3d 355, 359 (9th Cir. 2002) (affirming a $200,000 punitive damages award in gender discrimination case).

28. Courts also award attorneys' fees in excess of $75,000 in discrimination and retaliation cases. *See e.g., Norris v. Sysco Corp.*, 191 F.3d 1043, 1047 (9th Cir. 1999) (affirming award of attorneys' fees in the amount of $247,840 for plaintiff); *Ware v. Chertoff*, No. CIV. 04-00671HG-LEK, 2008 WL 2653534, at *1 (D. Haw.

June 27, 2008), *adopted*, No. CIV.04-00671HG-LEK, 2008 WL 3349066 (D. Haw. Aug. 12, 2008) (awarding a race discrimination Plaintiff $96,434.98 in attorneys' fees).

V.     **Other Procedural Requirements for Removal Have Been Met**

29.    Defendants have satisfied all other procedural requirements to remove this case to this Court.

30.    Because Defendants are filing this Notice of Removal by the one-year deadline of November 2, 2021 from the commencement of the action on November 2, 2020 and within 30 days of the October 14, 2021 State Court Order dismissing Count III providing notice that the action was removable, it is timely. 28 U.S.C. § 1446(b)(3) & (c); *see Kim v. Degele*, No. CV 21-04535-DFM, 2021 WL 4916561, at *2 (C.D. Cal. Oct. 21, 2021) (explaining that, under 28 U.S.C. § 1446(b)(3), the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain'") (quoting *Dietrich v. Boeing Co.*, ⸺ F.4th ⸺ –, 2021 WL 4486488, at *2 (9th Cir. Oct. 1, 2021)); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (finding that the 30-day clock only starts to run if "it can be ascertained from the face of the document that removal is proper"); *Dietrich v. Boeing Co.*, 14 F.4th 1089 (9th Cir. 2021) (explaining oral testimony at deposition is not a "paper" under 28 U.S.C. §1446(b)(3) because a "'paper' is defined as '[a] written or printed document or instrument'") (quoting

*Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608 (5th Cir. 2018) (first alteration omitted) (quoting Paper, *Black's Law Dictionary* 1266 (4th ed. 1951))).

31. This Court is the proper federal court for the removal of Plaintiff's action because it embraces cases filed within the Hawaii State Court. *See* 28 U.S.C. § 1441(a) (a state court civil action is properly removed "to the district court of the United States for the district and division embracing the place where such action is pending.").

32. Contemporaneous with this filing, Defendants have filed a copy of this Notice of Removal with the Clerk of the State Court and have served a copy on all parties of record as required by 28 U.S.C. § 1446(d).

## VI. Conclusion

33. Based on the foregoing, this Court has original jurisdiction over this action because the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Accordingly, this action is removable. 28 U.S.C. § 1441(a).

WHEREFORE, Defendants request that this case be removed to this Court.

DATED: Honolulu, Hawaii, November 2, 2021.

*/s/ Christopher J. Cole*
CHRISTOPHER J. COLE
DAVID S. SHANKMAN (Pro Hac Vice)

Attorneys for Defendant
AUDIO VISUAL SERVICES, GROUP, LLC DBA PSAV