**SHANKMANLEONE**
DAVID S. SHANKMAN (Admitted Pro Hac Vice)
707 North Franklin Street, Fifth Floor
Tampa Florida  33602
Telephone:  (813) 223-1099
dshankman@shankmanleone.com

**MARR JONES & WANG**
A Limited Liability Law Partnership

CHRISTOPHER J. COLE                5781-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
ccole@marrjones.com

Attorneys for Defendants
AUDIO VISUAL SERVICES, GROUP,
LLC DBA PSAV AND RUSSELL HOAG

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001485
26-AUG-2021
02:32 PM
Dkt. 35 MD**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV; RUSSELL HOAG; and DOE DEFENDANTS 1-25,<br><br>　　　　　　Defendants. | CIVIL NO. 1CCV-20-0001485<br><br>DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT [D.E. 1-4] AND TO DISMISS DEFENDANT RUSSELL HOAG; MEMORANDUM IN SUPPORT OF MOTION; NOTICE OF HEARING; CERTIFICATE OF SERVICE<br><br>Hearing [VIA ZOOM]:<br>Date:　September 16, 2021<br>Time:　9:00 a.m.<br>Judge: Honorable John M. Tonaki<br><br>No trial date set.<br>Judge:  Honorable John M. Tonaki |

EXHIBIT 1

**DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT [D.E. 1-4]
AND TO DISMISS DEFENDANT RUSSELL HOAG**

Pursuant to Rules 7 and 12(b)(6) of the Hawaiʻi Rules of Civil Procedure, Defendants AUDIO VISUAL SERVICES, GROUP, LLC DBA PSAV ("Audio") and RUSSELL HOAG ("Hoag") (collectively "Defendants") hereby move this Court for dismiss Count III of Plaintiff's Complaint [D.E. 1-4] and the Complaint filed against Defendant Hoag on November 2, 2020 (the "Complaint"). This Motion is supported by the attached memorandum the entire record and pleadings filed in this case, and such argument as this Court may require or allow.

DATED:   Honolulu, Hawaii, August 26, 2021.

                                                 /s/ Christopher J. Cole
                                                 CHRISTOPHER J. COLE
                                                 DAVID S. SHANKMAN (Pro Hac Vice)

                                                 Attorneys for Defendants
                                                 AUDIO VISUAL SERVICES, GROUP,
                                                 LLC DBA PSAV AND RUSSELL HOAG

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>                Plaintiff,<br><br>vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV;<br>RUSSELL HOAG; and DOE DEFENDANTS 1-25,<br><br>                Defendants. | CIVIL NO. 1CCV-20-0001485<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

Defendants Audio Visual Services, Group, LLC DBA PSAV ("Defendant PSAV") and Russell Hoag ("Defendant Hoag") (collectively "Defendants"), by and through their undersigned counsel and pursuant to HRCP 12(b)(6), move to dismiss Count III of Plaintiff Natalie Wilson's ("Plaintiff") Complaint because it fails to state a plausible defamation claim. In support, Defendants state as follows:

I.      **INTRODUCTION**

On November 2, 2020, Plaintiff filed this action against her former employer, Defendant PSAV, and her former subordinate, Defendant Hoag, who is a non-managerial Technician for Defendant PSAV. [Dkt. 1]. On November 4, 2020, Plaintiff served the Summons and Complaint on Defendant PSAV. [Dkt. 12]. On December 3, 2020, Defendant PSAV removed the action to the United States District Court for the District of Hawaii. [Dkt. 14]. Plaintiff filed a Motion to Remand on February 9, 2021, and Defendant PSAV filed its Memorandum in Opposition to Plaintiff's Motion to Remand on March 11, 2011. [Dkt. 20]. On

March 18, 2021, Plaintiff served the summons and Complaint on Defendant Hoag. [Dkt. 20]. Defendant Hoag filed his Notice of Consent to Join Defendant PSAV's Notice of Removal and Memorandum in Opposition to Plaintiff's Motion to Remand on April 7, 2021. [Dkt. 20]. On June 15, 2021, the United States District Court for the District of Hawaii granted Plaintiff's Motion to Remand and remanded the above-captioned matter to this Court. [Dkt. 18].

Plaintiff asserts gender and sexual orientation discrimination and retaliation claims against Defendant PSAV and a defamation claim against both Defendant PSAV and Defendant Hoag. Plaintiff fails to state plausible defamation claim, as Plaintiff's Complaint admits that Defendant Hoag's allegedly defamatory statements were true and that there was no publication of the allegedly defamatory statements to a third party. Thus, the defamation claim must be dismissed, and because it is the only claim asserted against Defendant Hoag, he must be dismissed as a party.

## II.   APPLICABLE LEGAL STANDARDS.

The notice-pleading standard governs in Hawaii, meaning that "it is '[not] necessary to plead legal theories with . . . precision." *Bank of Am., N.A. v. Reyes-Toledo*, 143 Hawai'i 249, 259, 428 P.3d 761, 771 (2018), *as corrected* (Oct. 15, 2018) (quoting *Leslie v. Estate of Tavares*, 93 Hawai'i 1, 4, 994 P.2d 1047, 1050 (2000)). Thus, under Hawaii law, a complaint may only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief." *Kealoha v. Machado*, 131 Hawai'i 62, 65, 315 P.3d 213, 216 (2013) (quoting *County of Kaua'i v. Baptiste*, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007)). Courts "must therefore view a plaintiff's complaint in a light most favorable to [them] in order determine whether the allegations contained therein could warrant relief under any alternative theory." *Malabe v. Ass'n of Apartment Owners of Executive Ctr. by & through Bd. of Directors*, 147 Hawai'i 330, 338,

465 P.3d 777, 785 (2020), as corrected (June 18, 2020) (quoting *Ah Mook Sang v. Clark*, 130 Hawaiʻi 282, 290, 308 P.3d 911, 919 (2013)). "In instances where Hawaiʻi case law and statutes are silent, this court can look to parallel federal law for guidance." *Gold v. Harrison*, 88 Haw. 94, 104, 962 P.2d 353, 363 (1998) (quoting *State v. Ontai*, 84 Hawaiʻi 56, 61, 929 P.2d 69, 74 (1996) (quoting *Price v. Obayashi*, 81 Hawaiʻi 171, 181, 914 P.2d 1364, 1374 (1996)) (brackets omitted)).

### III.   PLAINTIFF'S DEFAMATION CLAIM FAILS TO STATE A CLAIM.

#### A.   Applicable Law.

Slander and libel are simply different terms for defamation, slander being verbal defamation and libel being written defamation. *Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd.*, 100 Haw. 149, 171, 58 P.3d 1196, 1218 (2002) (citing *Runnels v. Okamoto*, 56 Haw. 1, 3, 525 P.2d 1125, 1127 (1974)); *see also McNally v. University of Hawaii*, 780 F. Supp. 2d 1037, 1058 (D. Haw. 2011) (same). To successfully maintain a cause of action for defamation, a plaintiff must allege: "(1) false and defamatory statements; (2) which are published to a third party; (3) for which the defendant is responsible; and (4) which result in harm to plaintiff." *Howard v. Daiichiya-Love's Bakery, Inc.*, 714 F. Supp. 1108, 1114 (D. Haw. 1989); *see also Gonsalves*, 100 Haw. At 171, 58 P.3d at 1218 (the "elements necessary to sustain a claim for defamation" are (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher . . . ; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.").

In the employment context, an employee's complaint about a co-worker to his employer does not constitute publication to a third party because it is essentially the corporate

3

entity communicating with itself.[1] *Johnson v. Boeing Company*, 2017 WL 5158312, at *2 n. 1 (W.D. Wash. Nov. 7, 2017) (dismissing defamation claim against co-worker, reasoning "intracorporate communications are not published for purposes of a defamation claim because the corporation is essentially communicating with itself"); *see also Dutson v. Farmers Ins. Exch.*, 815 F. Supp. 349, 353 (D. Or. 1993), *aff'd*, 35 F.3d 570 (9th Cir. 1994) (stating there is "no publication of statements to third parties [when] they [are] made by a corporate employee to another corporate employee during the performance of duties" and that "publication of a statement to a third person" is "[a]n essential element of a claim for slander of defamation").

B.   **Plaintiff's Defamation Allegations.**

Plaintiff claims that Defendants defamed her by making false statements that she "had purchased gift cards to pay Defendant Hoag and another co-employee for per diem wages" in order "to malign Plaintiff." [D.E. 1-4, ¶¶ 76, 77]. Plaintiff alleges that Defendant Hoag defamed Plaintiff to Defendant PSAV's management, which triggered Plaintiff's termination. [D.E. 1-4, ¶¶ 48-49]. However, Plaintiff's Complaint also alleges that she engaged in the exact conduct of which Defendant Hoag accused her – namely, that she delivered the gift cards to Defendant Hoag and another employee to compensate them for work done. [D.E. ¶¶ 49, 55]. Plaintiff also asserts that the allegedly false statements were not privileged and further, "[i]n making the false statements about Plaintiff, Defendants Hoag and PSAV acted intentionally and in utter disregard for the truth." [D.E. 1-4, ¶ 78].

C.   **Argument.**

First, Plaintiff's Complaint contradicts her own allegation that Defendants defamed her by making a false statement. [D.E. 1-4, ¶¶ 76, 77]. The face of her Complaint

---

[1] Hawaii law is silent on this issue; thus, this Court may look to federal law for guidance. *Gold*, 88 Haw. at 104, 962 P.2d 353, 363 (1998).

4

reflects that Defendant's Hoag's statements to management were actually true. Plaintiff's admission negates the first element of her defamation claim: that a false statement was made. *E.g.*, *Howard*, 714 F. Supp. at 1114. Thus, Plaintiff does not state a plausible defamation claim. *Galatz v. Franscell, Strickland, Roberts & Lawrence*, 95 F.3d 1157 (9th Cir. 1996) ("admission of truth bars his defamation cause of action"); *Quiller*, 727 F.2d at 1069.

Second, Plaintiff does not allege that Defendants published the allegedly defamatory statements to a third party, which is another essential element of a defamation claim. *E.g.*, *Howard*, 714 F. Supp. at 1114. To the contrary, Plaintiff alleges that Defendant Hoag defamed Plaintiff to Defendant PSAV's management, which does not constitute a publication as a matter of law. Thus, for this reason too, Plaintiff fails to state a plausible defamation claim. *Johnson*, 2017 WL 5158312, at *2 n. 1; *Dutson*, 815 F. Supp. at 353.

Accordingly, Count III must be dismissed, and Defendant Hoag should be dismissed as a party as that is the only count of the Complaint asserted against him.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the instant Motion, dismiss Count III of the Complaint with prejudice, and dismiss with prejudice Defendant Hoag from this action.

DATED: Honolulu, Hawaii, August 26, 2021.

                                                 /s/ Christopher J. Cole
                                                 CHRISTOPHER J. COLE
                                                 DAVID S. SHANKMAN (Pro Hac Vice)

                                                 Attorneys for Defendants
                                                 AUDIO VISUAL SERVICES, GROUP,
                                                 LLC DBA PSAV AND RUSSELL HOAG

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>               Plaintiff,<br><br>   vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV;<br>RUSSELL HOAG; and DOE DEFENDANTS 1-25,<br><br>               Defendants. | CIVIL NO. 1CCV-20-0001485<br><br>NOTICE OF HEARING |

## NOTICE OF HEARING

TO:   RODNEY BRIDGERS, ESQ.
        707 Richards Street, Suite 526
        Honolulu, Hawaii 96813

        DAVID F. SIMONS, ESQ.
        Ocean View Center
        707 Richards Street, Suite PH1
        Honolulu, HI 96813

        Attorneys for Plaintiff
        NATALIE WILSON

        NOTICE IS HEREBY GIVEN that Defendants DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT [D.E. 1-4] AND TO DISMISS DEFENDANT RUSSELL HOAG shall come on for hearing before the Honorable John M. Tonaki, Judge of the Circuit Court of the First Circuit via Zoom Video Conference, [https://courts-hawaii-gov.zoom.us/j/8085385053], on **Thursday, September 16, 2021, at 9:00 a.m.**, or as soon as thereafter as counsel may be heard.

DATED:   Honolulu, Hawaii, August 26, 2021.

/s/ *Christopher J. Cole*
CHRISTOPHER J. COLE
DAVID S. SHANKMAN (Pro Hac Vice)

Attorneys for Defendants
AUDIO VISUAL SERVICES, GROUP,
LLC DBA PSAV AND RUSSELL HOAG

2

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
# STATE OF HAWAII

| | |
|---|---|
| NATALIE WILSON,<br><br>       Plaintiff,<br><br>vs.<br><br>AUDIO VISUAL SERVICES GROUP, LLC, DBA PSAV; RUSSELL HOAG; and DOE DEFENDANTS 1-25<br><br>       Defendants. | Case No. 1CCV-20-0001485<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing document was duly served on the following parties as follows:

***Served Electronically through JEFS on August 26, 2021:***

RODNEY BRIDGERS, ESQ.    *rbridgers@protecting-workers.com*
DAVID F. SIMONS, ESQ.     *david@protecting-workers.com*

Attorneys for Plaintiff
NATALIE WILSON

DATED:    Honolulu, Hawaii, August 26, 2021.

                                                    */s/ Christopher J. Cole*
                                                  CHRISTOPHER J. COLE

                                                  Attorneys for Defendants
                                                  AUDIO VISUAL SERVICES, GROUP,
                                                  LLC DBA PSAV AND RUSSELL HOAG

# NOTICE OF ELECTRONIC FILING

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-20-0001485**
**26-AUG-2021**
**02:32 PM**
**Dkt. 36 NEF**

An electronic filing was submitted in Case Number 1CCV-20-0001485. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

|  |  |
|---|---|
| **Case ID:** | 1CCV-20-0001485 |
| **Title:** | Natalie Wilson v Audio Visual Services Group, LLC DBA PSAV Russell Hoag and Doe Defendants 1-25 |
| **Filing Date / Time:** | THURSDAY, AUGUST 26, 2021 02:32:00 PM |
| **Filing Parties:** | Christopher Cole |
| **Case Type:** | Circuit Court Civil |
| **Lead Document(s):** | |
| **Supporting Document(s):** | 35-Motion to Dismiss |
| **Document Name:** | 35-DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT [D.E. 1-4] AND TO DISMISS DEFENDANT RUSSELL HOAG |

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

This notification is being electronically mailed to:
Christopher J. Cole *( ccole@marrjones.com )*
First Circuit Court 4th Division *( 4thdivision.1cc@courts.hawaii.gov )*
Rodney Bridgers *( rbridgers@protecting-workers.com )*
The following parties need to be conventionally served:
Russell Hoag
Natalie Wilson

# Carla Simao

| | |
|---|---|
| **From:** | efiling@courts.hawaii.gov |
| **Sent:** | Thursday, August 26, 2021 2:34 PM |
| **To:** | Carla Simao |
| **Subject:** | JEFS Notice in case:1CCV-20-0001485, Wilson v Audio Visual Services Group, LLC |

An electronic filing has been submitted on a case in which you are listed as an attorney or party of interest. You can view, print, or copy the filing by logging onto JEFS, selecting "Manage Cases," and selecting case number 1CCV-20-0001485.

| | |
|---|---|
| Case ID | 1CCV-20-0001485 |
| Title | Wilson v Audio Visual Services Group, LLC |
| Filing Date / Time | THURSDAY, AUGUST 26, 2021 02:32:00 PM |
| Filing Parties | Christopher Cole |
| Case Type | Circuit Court Civil |
| Lead Document(s) | |
| Supporting Document(s) | 35-Motion to Dismiss |
| Document Name | 35-DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC S MOTION TO DISMISS COUNT III OF PLAINTIFF S COMPLAINT [D.E. 1-4] AND TO DISMISS DEFENDANT RUSSELL HOAG |

If the filing noted above included a document, this Notice of Electronic Filing is service of the document under the Hawai'i Rules of Appellate Procedure and the Hawai'i Electronic Filing and Service Rules.

This notification is being electronically mailed to:

Christopher J. Cole( ccole@marrjones.com )
First Circuit Court 4th Division( 4thdivision.1cc@courts.hawaii.gov )
Rodney Bridgers( rbridgers@protecting-workers.com )

The following parties need to be conventionally served:

Russell Hoag
Natalie Wilson