**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

CHRISTOPHER J. COLE             5781-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
ccole@marrjones.com

Counsel for Defendants Audio Visual
Services Group, LLC DBA PSAV
and Russell Hoag

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NATALIE WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV; RUSSELL HOAG; and DOE DEFENDANTS 1-25,<br><br>        Defendants. | CIVIL NO. CV 21-00434 JMS-WRP<br><br>DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC DBA PSAV'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FILED NOVEMBER 2, 2020 |

**DEFENDANT AUDIO VISUAL SERVICES GROUP, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Audio Visual Services Group, LLC, d/b/a PSAV ("Defendant PSAV"), for an answer to Plaintiff Natalie Wilson's ("Plaintiff") Complaint filed in the Circuit Court of the First Circuit for the State of Hawai'i ("State Court") on

1377139

November 2, 2020 ("Complaint") and subsequently removed to this Court by Defendant PSAV on November 2, 2021 [D.E. 1], states as follows in response to the corresponding allegations of the Complaint:

### I. Parties

1. Defendant PSAV lacks knowledge or information sufficient to form a belief about the city in which Plaintiff resided "at all times material herein" and in which Plaintiff currently resides and therefore the allegations are denied.

2. Admitted.

3. Admitted.

4. Denied.

5. Defendant PSAV lacks knowledge or information sufficient to form a belief regarding this allegation and therefore the allegation is denied.

6. Denied.

7. Defendant PSAV lacks knowledge or information sufficient to form a belief regarding this allegation and therefore the allegation is denied.

8. Defendant PSAV lacks knowledge or information sufficient to form a belief regarding this allegation and therefore the allegation is denied.

### II. Statement of Facts

9. Admitted.

10. Admitted.

11. Denied that Plaintiff began her employment with Defendant PSAV in 2005; admitted that Plaintiff's original date of hire at Defendant PSAV was October 21, 2004.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that Plaintiff worked for Defendant PSAV at the Turtle Bay Resort on Oah'u during her employment with Defendant PSAV, but the remaining allegations therein are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Plaintiff was promoted to Director, Event Technology I effective November 25, 2011, but the remaining allegations therein are denied

25. Denied.

26. Admitted that Plaintiff and her colleague Lace Flores ("Flores") were both awarded Team Member of the Month for April 2018, but the remaining allegations therein are denied.

27. Denied.

28. Admitted that Plaintiff and Flores were both awarded Team Member of the Month for April 2018, but the remaining allegations therein are denied.

29. Admitted that Plaintiff was promoted to Director, Event Technology II effective January 13, 2019, but the remaining allegations therein are denied.

30. Denied.

31. Denied.

32. Admitted that on Monday, March 4, 2019, Plaintiff discovered comments that had been written on a whiteboard in Defendant PSAV's office at her work location that stated, "P makes the BEST DIRTY THAIS" and "Lesbian Ass Omission," but the remaining allegations therein are denied.

33. Defendant PSAV lacks knowledge or information sufficient to form a belief regarding this allegation and therefore the allegation is denied.

34. Denied.

35. Admitted that Plaintiff reported the remarks written on the white board to her supervisor, Area Director Adam Hallacher ("Hallacher") and that Plaintiff

declined Hallacher's request to report the incident to Human Resources, but the remaining allegations therein are denied.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted that Plaintiff's employment with Defendant PSAV was terminated effective September 16, 2019; admitted that Defendant PSAV separated Plaintiff from employment after it investigated and substantiated a complaint from Technician Russell Hoag ("Hoag") that Plaintiff had improperly paid Hoag and Technician Damon Ramsey ("Ramsey") with gift cards, but the remaining allegations therein are denied.

49. Admitted that Hoag reported to members of Defendant PSAV management that Plaintiff had paid him and Ramsey with gift cards for hours worked in April 2018 before they completed on-boarding with Defendant PSAV, but the remaining allegations therein are denied.

50. Admitted.

51. Admitted Defendant PSAV conducted a thorough investigation into Hoag's complaint, but the remaining allegations therein are denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted that Defendant PSAV separated Plaintiff from employment after it investigated and substantiated a complaint from Hoag that Plaintiff had improperly paid Hoag and Ramsey with gift cards, but the remaining allegations therein are denied.

56. Admitted that Defendant PSAV separated Plaintiff after an investigation substantiated a complaint that she had violated Defendant PSAV's Code of Conduct, but the remaining allegations therein are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF H.R.S. § 378-2
### (Against Defendant PSAV)

63. Defendant PSAV restates and incorporates its responses to Paragraphs 1-62 above as if fully stated herein.

64. Paragraph 64 of the Complaint does not constitute an allegation against Defendant PSAV and therefore no response is required.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

### SECOND CLAIM FOR RELIEF:
### VIOLATION OF H.R.S. § 378-2(2)
### (Against Defendant PSAV)

69. Defendant PSAV restates and incorporates its responses to Paragraphs 1-68 above as if fully stated herein.

70. Paragraph 70 of the Complaint does not constitute an allegation against Defendant PSAV and therefore no response is required.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

### THIRD CAUSE OF ACTION:
### SLANDER AND LIBEL
### (Against all Defendants)

75. Defendant PSAV restates and incorporates its responses to Paragraphs 1-74 above as if fully stated herein.

76. Paragraph 76 relates to Count III of Plaintiff's Complaint, which the State Court dismissed and therefore no response to this paragraph is required.

77. Paragraph 77 relates to Count III of Plaintiff's Complaint, which the State Court dismissed and therefore no response to this paragraph is required.

78. Paragraph 78 relates to Count III of Plaintiff's Complaint, which the State Court dismissed and therefore no response to this paragraph is required.

79. Paragraph 79 relates to Count III of Plaintiff's Complaint, which the State Court dismissed and therefore no response to this paragraph is required.

### PUNITIVE DAMAGES

80. Defendant PSAV restates and incorporates its responses to Paragraphs 1-79 above as if fully stated herein.

81. Denied.

Defendant PSAV denies that Plaintiff is entitled to any relief as requested in the "WHEREFORE" section following paragraph 81.

Defendant PSAV denies all allegations in the Complaint not specifically, expressly, and unequivocally admitted herein.

Defendant PSAV, still urging and relying on matters hereinabove alleged, further alleges in the alternative by way of affirmative defenses:

## First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Defendant PSAV gives notice of and states, pursuant to Rule 8(c)(1), its intent to rely on the defenses of waiver, estoppel, fraud, illegality, public policy, payment, laches, unclean hands, license, superseding cause, last clear chance, preexisting condition, payment, offset, setoff, discharge in bankruptcy or failure to disclose in bankruptcy, subrogation, indemnity, privilege, immunity, necessity, consent, and all similar or related legal, statutory, equitable, or common-law doctrines and defenses to the claims asserted by Plaintiff in the Complaint.

## Third Affirmative Defense

Plaintiff's claims are barred or should be reduced and/or limited by the applicable statute of limitations or repose.

### Fourth Affirmative Defense

Without admitting that Plaintiff has or will suffer any damages, Defendant PSAV asserts the defense that Plaintiff failed to mitigate her alleged damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred because she failed to reasonably and timely exhaust her administrative or contractual remedies or her avenues of relief in Defendant PSAV's policies or to include matters in her charge of discrimination or to obtain a right to sue from the Hawaii Civil Rights Commission. This defense includes, but is not limited, to the defense recognized in *Faragher v. Boca Raton*, 524 U.S. 775 (1998) and *Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998).

### Sixth Affirmative Defense

Defendant PSAV asserts all privileges, immunities, defenses, exceptions, exclusions, and limitations relating to coverage, liability, remedies, or damages set forth in the statutes and laws upon which Plaintiff bases her claims, or on rules and regulations promulgated thereunder or in legal precedent, and further including but not limited to caps on damages, Defendant PSAV's good faith, safe harbor exclusions or exemptions, white collar or other applicable exemptions, same actor defense, good cause, mixed motive, bad faith by Plaintiff, bona fide occupational qualification, unfitness or inability to perform the work in question, fluctuating workweek, creditable compensation, and/or all other defenses, exclusions, credits,

or limitations provided by such law that operate to bar, limit, or reduce Defendant PSAV's liability or Plaintiff's entitlement to relief.

### Seventh Affirmative Defense

Plaintiff's claims are barred or should be reduced by the doctrine of after-acquired evidence.

### Eighth Affirmative Defense

Plaintiff's claims and requested relief, including punitive damages, are barred by applicable statutory or constitutional provisions, including but not limited to the Bill of Rights set forth in the federal and Hawai'i constitutions and all laws, rules, or constitutional provisions respecting freedom of expression, due process, freedom from cruel or unusual punishment, freedom of association, and the constitutional right of privacy.

### Ninth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's own disqualifying, unreasonable, or wrongful conduct or pattern of behavior, including violations of law or policy or the rights, policies, or interests of Defendants or of third parties.

### Tenth Affirmative Defense

Defendant PSAV intends to rely upon all matters constituting a defense that may be revealed in the course of ongoing inquiry and discovery in this action.

## Eleventh Affirmative Defense

All decisions regarding Plaintiff's employment were made for legitimate, non-discriminatory reasons that were wholly unrelated to any alleged protected characteristic of Plaintiff.

## Twelfth Affirmative Defense

Defendant PSAV asserts that Plaintiff was, at all material times, an at-will employee of Defendant PSAV and therefore was subject to discharge at any time, with or without cause, so long as said action was not for an unlawful reason.

Wherefore, Defendant PSAV prays that a judgment be entered in its favor and against the Plaintiff dismissing the Complaint with prejudice, awarding Defendant PSAV all of its costs and attorneys' fees incurred herein, and giving Defendant PSAV such other relief as may be just and proper in the circumstances.

DATED:   Honolulu, Hawaii, November 9, 2021.

*/s/ Christopher J. Cole*
CHRISTOPHER J. COLE

Attorney for Defendants
Audio Visual Services Group, LLC
DBA PSAV and Russell Hoag